## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DALE LEIGHTON BARTA, | ) | CASE NO. 8:11CV198 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| FARM SERVICE AGENCY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Defendants' Motions to Dismiss. (Filing Nos. 26, 28, 30 and 44.) As set forth below, the Motions are granted.

### I.   BACKGROUND AND SUMMARY OF COMPLAINT

Plaintiff filed this matter on June 3, 2011. (Filing No. 1.) Plaintiff alleges claims against 12 separate federal and Nebraska county officials and a bankruptcy trustee.[1] (*Id.*)

Plaintiff's Complaint is nonsensical, rambling, and extremely difficult to decipher. As best as the court can tell, Plaintiff asserts "non judicial" claims against Defendants relating to payments on "loans in 1982-2005." (*Id.* at CM/ECF pp. 3, 7.) Although unclear in the Complaint, Plaintiff apparently declared bankruptcy at some point prior to 2000, an action that eventually resulted in foreclosure of his land. (*Id.* at CM/ECF p. 4.) Plaintiff requests that the court issue "Crimminal [sic] Commercial Tresspassing [sic] charges" against Defendants. (*Id.* at CM/ECF p. 5.) Plaintiff also "want[s] to collect on the default of damage done to [him] of agony, anxiety, harassment, trespassing on [his] unalieable [sic] rights under title 18 and ETC." (*Id.*)[2]

_____

[1]For purposes of this Memorandum and Order, the court need not distinguish between the separate groups of Defendants.

[2] Although not specifically referenced in the Complaint, Plaintiff may have filed this matter in response to a separate matter filed in this court against Plaintiff by some Defendants. (*See* Case No. 8:11CV196, Filing No. 1.) The court entered judgment

Defendants filed their Motions to Dismiss, arguing, among other things, that dismissal is warranted because this court lacks subject matter jurisdiction. (Filing Nos. 26, 29, and 33.)   Plaintiff responded to the pending Motions to Dismiss, again with nonsensical, incomprehensible filings.[3]   However, Plaintiff did not respond to any of the substantive arguments raised by Defendants.   In light of this, the Motions to Dismiss are deemed fully submitted.

## II.   SUBJECT MATTER JURISDICTION

Defendants argue that the claims against them should be dismissed because, among other things, this court lacks subject matter jurisdiction. (Filing No. 8.)   The court agrees.

---

against Plaintiff in that separate, related matter on September 19, 2011, finding that any "UCC Financing Statements" and other documents filed by Plaintiff with the Nebraska Secretary of State and other entities were "invalid, null and void and without any legal effect."  (Case No. 8:11CV196, Filing No. 20.)   The court also permanently enjoined Plaintiff from filing any "UCC Financing Statements or other type of lien" against Defendants "without first obtaining the express, written permission of this Court."  (*Id.*)   The court takes judicial notice of Case No. 8:11CV196.   The court also takes judicial notice of Case No. 8:11CV157, filed by Angeline M. Marsh, against 10 Defendants who are not named in this matter.  (*See* Case No. 8:11CV157, Filing No. 1.)   Although the parties appear to be unrelated, the Complaint and other filings are nearly-identical to the Complaint in this matter.   The court also recently dismissed that matter.  (Case No. 8:11CV157, Filing Nos. 8 and 9.)

[3]For example, Plaintiff states in one Objection that Defendants' arguments for dismissal have "no bearing on this case, because this is UNIFORM COMMERCIAL CODE LAW."  (Filing No. 39 at CM/ECF p. 1.)   Plaintiff also apparently believes the Motions to Dismiss are improper because Defendants may not speak through counsel, but must "speak for themselve's [sic]."  (*Id.*)   Plaintiff states that he is "tired of answering bogus paper work," and that Defendants have all "admitted guilt."  (Filing No. 42 at CM/ECF p. 2.)

A.     *Diversity of Citizenship Jurisdiction*

As set forth in the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The statutory provisions conferring jurisdiction on the federal courts "are strictly construed." *Hedberg v. State Farm Mut. Auto. Ins. Co.*, 350 F.2d 924, 928 (8th Cir. 1965). Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1332, commonly referred to as "diversity of citizenship" jurisdiction. For purposes of 28 U.S.C. § 1332, "diversity of citizenship" means that "the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan v. Schneider Natl. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001). In addition, the amount in controversy must be greater than $75,000.00 for diversity of citizenship jurisdiction. 28 U.S.C. § 1332(a). Where "a plaintiff's allegations of jurisdictional facts are challenged by the defendant, the plaintiff bears the burden of supporting the allegations by competent proof." *Janzen v. Goos*, 302 F.2d 421, 424 (8th Cir. 1962), (internal quotation omitted); *see also Trimble v. Asarco, Inc.*, 232 F.3d 946, 959-60 (8th Cir. 2000), (quotation omitted) (*abrogated on other grounds by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005)), (holding that where an "opposing party or the court questions whether the amount alleged is legitimate, the party invoking federal jurisdiction must prove the requisite amount by a preponderance of the evidence").

Here, Plaintiff does not allege any amount in controversy. (Filing No. 1.) Additionally, Plaintiff does not set forth any specific allegations relating to his citizenship, or the citizenship of any Defendant. The only information contained in the Complaint relating to citizenship is Plaintiff's statement that "[a]ll parties reside and do business and

3

some are incorporated in Nebraska." (*Id.* at CM/ECF p. 6.)  Defendants have clearly challenged both aspects of the "jurisdictional facts" underlying Plaintiff's allegations. Plaintiff failed to respond in any way to that challenge and has therefore failed to carry his burden to establish diversity of citizenship jurisdiction with "competent proof."  Thus, this court has absolutely no basis upon which to assert diversity of citizenship jurisdiction over Plaintiff's claims and finds that diversity of citizenship jurisdiction does not apply.

  B. *Federal Question Jurisdiction*

  In addition to diversity of citizenship jurisdiction, subject matter jurisdiction is also proper where a plaintiff asserts a "non-frivolous claim of a right or remedy under a federal statute," commonly referred to as "federal question" jurisdiction. *Northwest South Dakota Prod. Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986).  The only reference to any federal statute or constitutional provision is Plaintiff's statement that this matter "is filed pursuant to UCC 1 commercial law and Nebraska constitutional law . . . and under USA CONSTITUTIONAL LAW." (Filing No. 1 at CM/ECF p. 4.)  However, there is nothing more in the Complaint regarding which, if any, federal constitutional provisions apply to Plaintiff's claims.  Rather, as set forth above, most of Plaintiff's Complaint is nonsense, and the bulk of the allegations are devoted to stressing that this matter is "non judicial" and is instead a "Criminal Commercial Complaint."  (*Id.* at CM/ECF pp. 3-8.)

  Indeed, as best as the court can tell, Plaintiff asserts, or would like the court to assert on his behalf, criminal charges against Defendants.  However, a private plaintiff cannot force a criminal prosecution because the "authority to initiate a criminal complaint rests exclusively with state and federal prosecutors."  *See Mercer v. Lexington Fayette*

4

*Urban Cnty. Gov't.*, No. 94-6645, 1995 WL 222178, at *1 (6th Cir. Apr. 13, 1995), (unpublished order); *see also Parkhurst v. Tabor*, 569 F.3d 861, 867 (8th Cir. 2009), (quoting *United States v. Batchelder*, 442 U.S. 114, 124 (1979), ("Whether to prosecute and what charge to file or bring before a grand jury are decisions that generally rest in the prosecutor's discretion.")).  Thus, the court does not have the authority to force a criminal prosecution, and Plaintiff's request to initiate criminal charges against Defendants does not set forth a federal claim.[4]  Even with the most liberal construction, Plaintiff has failed to establish that federal question jurisdiction applies here.  In light of Plaintiff's failure to submit competent proof that this court has subject matter jurisdiction over his claims, this matter must be dismissed.

IT IS THEREFORE ORDERED that:

1.    Defendants' Motions to Dismiss (Filing Nos. 26, 28, 30, and 44) are granted and Plaintiff's Complaint is dismissed without prejudice;

2.    A separate judgment will be entered in accordance with this Memorandum and Order;

3.    Defendant Kathleen Laughlin's Motion to Strike Affidavit (Filing No. 37) is granted.  The court has considered the corrected Affidavit (Filing No. 38) for purposes of this Memorandum and Order; and

---

[4]To the extent Plaintiff seeks to challenge the foreclosure of his land, the court notes that challenges to state foreclosure and eviction proceedings are barred under the *Rooker-Feldman* doctrine.  *See, e.g., Vuaai El v. Mortgage Elec. Registry Sys.*, No. 08-14190, 2009 WL 2705819, at *9 (E.D. Mich. Aug. 24, 2009), (concluding the court lacked subject matter jurisdiction over plaintiff's challenge to state foreclosure and eviction proceedings where plaintiff alleged possession of a U.C.C. financing statement, possessory lien, land patent and homestead levy exemption).

   4.     All other pending Motions and Objections are denied.

DATED this 20th day of December, 2011.

                                                   BY THE COURT:


                                                   s/Laurie Smith Camp
                                                   Chief United States District Judge

_____
        *This opinion may contain hyperlinks to other documents or Web sites.  The U.S.
District Court for the District of Nebraska does not endorse, recommend, approve, or
guarantee any third parties or the services or products they provide on their Web sites.
Likewise, the court has no agreements with any of these third parties or their Web sites.
The court accepts no responsibility for the availability or functionality of any hyperlink.
Thus, the fact that a hyperlink ceases to work or directs the user to some other site does
not affect the opinion of the court.

6